CAPITAL EQUIPMENT ENTERPRISES, INC., APPELLEE, *v.* WILSON CONCEPTS, INC., APPELLANT.

(No. 8652—Decided August 9, 1984.)

*Charles B. Fox,* for appellee.
*Frank M. Root,* for appellant.

WEBER, J. The trial of this case was held before a referee who recommended judgment in favor of Capital Equipment Enterprises, Inc., appellee, and against Wilson Concepts, Inc. appellant, in the amount of $21,000. The trial court granted judgment accordingly.

While it is necessary that the trial court be provided a transcript of the evidence where objections to the referee's report go to factual issues requiring a *de novo* review of the evidence by the trial court, and it is not an abuse of discretion to overrule such objections where there is a failure to provide such transcript pursuant to the trial court's specific request, *In re Sisinger* (1982), 5 Ohio App. 3d 28, the filing of a Civ. R. 53(E) objection to a referee's report is not a prerequisite for appellate review of a finding or recommendation made by a referee and adopted by a trial court. *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St. 3d 102.

The referee found that the relationship of the parties involved the sale of goods and applied R. C. 1302.01 *et seq.* to the transaction.

The appellant argues that it was entitled to judgment as a matter of law for the reason that the contract relied upon by the trial court in granting judgment cannot be enforced because of R. C. 1302.04, the Statute of Frauds.

We agree with appellant that plaintiff's Exhibit 1 does not constitute a sufficient writing in and of itself to permit the application of R. C. 1302.04(B); however, that writing, along with the answer to the interrogatories by Wilson Concepts, Inc. filed March 20, 1981, particularly answer number three which stated that plaintiff had the right of first refusal, and defendant's Exhibit 1, do satisfy R. C. 1302.04(C)(2).

The determination by the trial court that the contract may be enforced was proper. The ruling on a dismissal in a non-jury action is within the discretionary authority of the trial court. Civ. R. 41(B)(2). There was no abuse of discretion demonstrated by appellant in this case.

The first and second assignments of error are overruled.

The issue is, then, did the defendant have the right to cancel its contract with plaintiff pursuant to R. C. 1302.77?

When terms are omitted from a contract, as pointed out by the appellant, the statutes supply some of them.

R. C. 1302.23 supplies us with cash on delivery.

R. C. 1302.22 supplies us with a reasonable time.

Under the terms of their contract, then, defendant agreed to give plaintiff a reasonable time to accept delivery and pay the cash. The referee found that before the expiration of a reasonable period of time for fulfillment of the condition precedent, Wilson sold the machine to others rather than to plaintiff and thereby repudiated the contract. If defendant had the right to cancel, it did so because plaintiff failed to make a payment due on or before delivery. The referee's conclusions that (1) the plaintiff's obligation to pay was not due at the time of cancellation or repudiation by defendant, (2) that defendant breached its contract and (3) that plaintiff is entitled to damages, are findings supported by some substantial evidence.

Therefore, this court is not empowered to reverse. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261].

The determination that plaintiff was entitled to damages was proper.

R. C. 1302.87(A) provides that, subject to R.C. 1302.97, the measure of damages for non-delivery or repudiation by a seller is the difference between the market price at the time when the buyer learned of the breach and the contract price, together with any incidental and consequential damages, but less expenses saved in consequence of the seller's breach.

R. C. 1302.87(B) provides, under the facts of this case, that the market price is to be determined as of the place for tender.

R. C. 1302.21(A) provides that the place of delivery of goods is the seller's place of business.

We conclude that under the facts of this case, the place of delivery is the place of tender. At the place of delivery by this seller to this buyer, the market price was $100,000, making the difference between market price and contract price $5,000.

The burden of proving damages by a preponderance of the evidence is upon the party claiming the damages.

The burden of proving mitigation of damages is upon the party claiming the mitigation.

Whether the amount of expenses saved as a consequence of a breach are damages or mitigation of damages depends upon the facts of each case. In this case, the evidence fails to establish any expenses of the plaintiff-buyer. The expenses entered into evidence were those of a third party who is now dismissed. In our view, their introduction was for the purpose of mitigation, not to establish market value. Therefore, the burden was on the defendant-seller to establish those expenses which it advocates the plaintiff-

buyer saved by the breach by a preponderance of the evidence.

The market value determined by the trial court was not at the place of tender by this seller to this buyer, but at the place of delivery by a third party to a fourth party, both of whom have been dismissed from this lawsuit. Therefore, the damages were not determined by the trial court consistent with R. C. 1302.87.

This cause is remanded to the trial court for the sole purpose of determining the amount of damages owed to Capital Equipment Enterprises, Inc. by Wilson Concepts, Inc. pursuant to R. C. 1302.87.

The third and sixth assignments of error are sustained and the fourth and fifth overruled.

The amount of the judgment for $21,000 is reversed and the cause is remanded to the trial court for further proceedings; the remainder of the judgment of the trial court is affirmed.

*Judgment affirmed in part,*
*reversed in part, and*
*cause remanded.*

BROGAN, P.J., and WILSON, J., concur.