OPINION
This matter comes to us after the Mahoning County Common Pleas Court, Domestic Relations Division, filed a judgment entry adopting a magistrate's earlier decision despite Appellant, Shelly Remner's objections to that decision. For the following reasons, the assignment of error advanced by Appellant is overruled and the trial court decision is affirmed.
Appellant and Appellee, Jeff Peshek, were granted a divorce by the Domestic Relations Court in Mahoning County on November 4, 1993. The parties had one minor child. The divorce decree addressed all issues relative to the child, including the allocation of parental rights and responsibilities.
In January of 1996, the parties appeared before a magistrate in the domestic relations court for resolution of a number of issues, including an alleged failure to pay child support. In January of 1997, the parties appeared before a different magistrate, this time addressing the issue of child support modification. In a decision filed February 11, 1997, the magistrate recommended a modification of child support.
On February 25, 1997 Appellant filed objections to the magistrate's report with the domestic relations court. Appellant raised four challenges to the report. First, Appellant challenged the court's jurisdiction to modify support because Appellant alleged that no change of circumstances was established. Next, Appellant objected to the magistrate's finding as to Appellee's income, alleging that the magistrate's figure was too low. Third, Appellant claimed the magistrate erred in not applying certain income when computing the support award. Lastly, Appellant objected that the magistrate did not consider an alleged child support arrearage in making its award.
A hearing on these objections was held April 3, 1997. At the hearing, the court determined that Appellant's second objection, at least, was factual in nature and that her failure to file a transcript of the magistrate's hearing permitted the court to dismiss at least this objection pursuant to Civ.R. 53. Subsequent to hearing, the court determined that all four objections revolved around factual determinations. Thus, pursuant to Civ.R. 53 (E) a transcript was required. Based on this, the trial court overruled the objections and summarily adopted the magistrate's decision as its own.
Appellant raises one assignment of error:
 "THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF-APPELLANT'S OBJECTIONS TO THE DECISION OF THE MAGISTRATE BASED UPON THE FACT THAT PLAINTIFF HAD NOT FILED A TRANSCRIPT WITH THE TRIAL COURT."
At the outset, we must note that a trial court has great discretion in determining whether to overrule an objection to a magistrate's decision. Capital Equipment Enterprises, Inc. v.Wilson Concepts, Inc. (1984), 19 Ohio App.3d 233, 233. Absent an abuse of that discretion, the trial court will not be reversed.Booth v. Booth (1989), 44 Ohio St.3d 142. Abuse of discretion implies more than an error in judgment, but implies that the court acted in as manner that was unreasonable, arbitrary or unconscionable. Wade v. Wade (1996), 113 Ohio App.3d 414, 419, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant argues that, according to her interpretation of Civ.R. 53, only those objections which directly attack the magistrate's findings of fact require that a transcript of the hearing be filed for the court's review. Appellant claims that the trial court erred in abruptly overruling her objections because the court had a duty to independently review the magistrate's application of the facts, which is a legal undertaking.
A party objecting to the findings of fact within a magistrate's decision is required to provide the trial court, on review, with a transcript of proceedings to support those objections. Eash v.Eash (1984), 14 Ohio App.3d 298; Civ.R. 53(E)(3)(b). Failure to provide a transcript or other evidentiary materials will lead the trial court to properly adopt the magistrate's factual finding without further consideration. Purpura v. Purpura (1986),33 Ohio App.3d 237, 239. There is no abuse of discretion on the part of the trial court in its decision to overrule objections to factual findings where the party objecting has failed to file a transcript, Capital Equipment Enterprises, supra at 233.
In an attempt to avoid the inherent penalty required by application of Civ.R. 53 and the overwhelming caselaw on the subject, Appellant argues that her objections were not factual in nature but were, instead, wholly aimed at the application of the facts to the law. The trial court determined that Appellant's objections revolved around factual issues for which a transcript of hearing was necessary to complete a review. We cannot say that the trial court erred in this determination.
Appellant's objections are, in reality, fact-based or fact driven. In her first objection, Appellant asked the trial court to determine whether or not evidence to support a change in circumstances was established at hearing. Her second objection requires a determination as to whether Appellee had income in a greater amount than that established by the magistrate. Appellant's third objection challenged the magistrate's factual finding that certain monies did not constitute income for purposes of child support computations. Finally, Appellant's last objection dealt with the. factual question as to whether or not there existed an arrearage in child support and at what amount. Thus, our review of the record reflects that while Appellant may label her objections as "legal," all of the objections turn on factual matters which were determined in the magistrate' s hearing.
From all of the foregoing we find that the trial court did not abuse its discretion in overruling Appellant's objections on the basis that Appellant failed to file a transcript of hearing. Appellant's sole assignment of error is hereby overruled and the trial court judgment is affirmed.
Donofrio, J., concurs.
Cox, P.J., concurs.
APPROVED:
 ____________________________________ CHERYL L. WAITE, JUDGE