OPINION
Defendant-appellant, Sean David Storms, appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, granting plaintiff-appellant, Katie Elizabeth Scarborough nka Matheny, custody of their minor daughter, Jessica Kathleen Scarborough nka Storms.
Jessica was born on July 3, 1991. Appellant admitted paternity on August 27, 1991. On November 8, 1991, appellee was granted custody of Jessica and appellant was given visitation rights. Appellant was ordered to pay approximately $200 per month in child support. Appellee was ordered to provide health insurance for Jessica. On September 7, 1993, appellant's child support obligation was reduced to $144 per month.
At some time after Jessica's birth, appellee married Glen Matheny. They soon had a daughter, Emily Matheny. Appellee later divorced Matheny, and she was given custody of Emily.
In early August 1997, appellant was contacted by appellee's mother and requested to take custody of Jessica. Appellee had been arrested for driving under the influence, and it was not clear when she would be available to take care of Jessica. Since being given custody of Jessica, appellee had received five driving under the influence convictions, unbeknownst to appellant. At the time of one of these arrests, Jessica was in the car.
On August 18, 1997, appellant filed a motion for reallocation of parental rights and responsibilities. On January 8, 1998, a magistrate granted appellant temporary custody of Jessica per the agreement of the parties.
On August 26, 1998, appellee filed a motion to change temporary custody. On August, 28, 1998, without notice being given to appellant, the trial court granted the motion, giving appellee trmporary custody until the magistrate's custody hearing. On September 8, 1998, appellant filed a motion to adopt a shared parenting plan he had prepared. On September 10, 1998, the trial court vacated its August 29, 1998 order returning temporary custody of Jessica to appellant. On October 7, 1998, appellee filed a motion to adopt a shared parenting plan which she had prepared.
A custody hearing was held before the magistrate on October 8, 1998. That morning, appellee filed a trial memorandum setting forth arguments on her behalf. The magistrate granted appellant leave to file a responding memorandum after the hearing. At the hearing, the parties testified. They also presented witnesses concerning Jessica's best interest and who would make the better residential parent. The witnesses included relatives and Jessica's teachers. Appellant's memorandum was filed on October 16, 1998.
On October 30, 1998, the magistrate filed an entry and decision granting appellant custody of Jessica and, for the most part, adopting appellant's proposed shared parenting plan. The magistrate found that appellee's admitted alcoholism constituted a change of circumstances, although appellee had sought treatment and had remained sober for a short time. The magistrate then found that, although most factors concerning Jessica's best interest did not weigh in favor of one party over the other, appellant should be given custody of Jessica. The magistrate found that it was best to allow Jessica to remain in her present school and that the chances of appellee failing to remain sober were substantial enough to weigh against granting appellee custody. The magistrate noted that appellee was given substantial visitation rights.
On November 11, 1998, appellee filed objections to the magistrate's decision. On December 10, 1998, the trial court held a hearing to review the objections. No new evidence was taken. The trial court did not make a decision, but ordered the parties to finalize objections and responses.
On March 16, 1998, appellee filed her final objections to the magistrate's decision, with an accompanying memorandum. In her objections, appellee argued that the magistrate failed to consider that Jessica and Emily were friends and that the girls spent time together when Jessica was with appellee. Appellee also argued that the magistrate's concern that she might relapse into drinking was unfounded speculation. Appellee did not file a transcript of the magistrate's hearing. On April 5, 1999, appellant filed his responses to appellee's objections.
On April 19, 1999, the trial court filed its decision and entry sustaining appellee's objections and overruling the magistrate's decision. The trial court found, in substance, that the magistrate's decision was against the weight of the evidence with regard to Jessica's best interest. The trial court ruled that the magistrate's concern about a possible relapse into drinking by appellee was speculative, and that the presence of Emily in appellee's household was a factor weighing in favor of granting appellee custody. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE MAGISTRATE'S DECISION BASED UPON FACTUAL ISSUES WHEN THE APPELLEE FAILED TO FILE A TRANSCRIPT OF AN AFFIDAVIT OF FACT IN ACCORDANCE WITH [JUV. R.] 40(E)(3)(b), AND [CIV.R.] 53(E)(3)(B).
Assignment of Error No. 2:
 THE TRIAL COURT CLEARLY FAILED TO CONSIDER THE EVIDENCE PRESENTED IN THE CASE, AND ABUSED ITS DISCRETION BY OVERRULING THE MAGISTRATE'S DECISION IN CONTRADICTION OF THE MANIFEST WEIGHT OF THE EVIDENCE.
 In his assignments of error, appellant contends that the trial court abused its discretion by overruling the magistrate's decision based upon factual issues when the trial court did not have a transcript or other evidence to review. Appellant argues that, without a transcript or other credible evidence to review, the trial court was precluded from overruling the magistrate's findings regarding Jessica's best interest based upon the manifest weight of the evidence.
Civ.R. 53(E)(3)(b) and Juv.R. 40(E)(3)(b) provide:
 Objections [to a magistrate's decision] shall be specific and state with particularity the ground of objection. If the parties stipulate in writing that the magistrate's findings of facts shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. (Emphasis added.)
 A party challenging a magistrate's findings is required to provide the trial court with a transcript of the magistrate's proceedings to support the objections. Eash v. Eash (1984), 14 Ohio App.3d 298, 298. Where a party fails to file a transcript in support of objections to findings of fact which require a de novo review, the trial court properly overrules the objections. Capital Equip. Enterprises, Inc. v. Wilson Concepts, Inc. (1984), 19 Ohio App.3d 233, 233. Furthermore, where the magistrate's findings are supported by some credible evidence, they may not be reversed, especially when there is no transcript for the trial court to review. Id. at 234.
In the instant case, appellee filed objections to the magistrate's decision without filing a transcript of the magistrate's hearing. The trial court was incapable of conducting an independent review of the magistrate's decision. More importantly, the trial court was not presented with evidence to support its own conclusions. In ruling that the magistrate's findings and decision were against the weight of the evidence, the trial court weighed the credibility of evidence and testimony which it was never provided.
The trial court abused its discretion by sustaining the objections based upon the weight of the evidence without conducting an independent review. The magistrate provided sufficient reasons for his decision, and appellee provided no transcript or evidence from which the trial court could find otherwise.
Accordingly, appellant's assignments of error are sustained and the magistrate's decision is reinstated and affirmed. Judgment rendered for appellant. App.R. 12(B).
Judgment reversed.
POWELL, P.J., and VALEN, J., concur.