I respectfully dissent from the majority opinion.
I am unpersuaded the appropriate standard of review to be applied by this Court is whether the trial court abused its discretion when it rejected and modified the magistrate's decision.
The majority cites two cases in support of application of the abuse of discretion standard. The first, Remner v. Peshek,[2] is an unreported appellate opinion from the Seventh District. In Remner, the court applied an abuse of discretion standard when reviewing a trial court's decision to overrule an objection to a magistrate's decision because the appellant failed to provide the trial court with the transcript of the magistrate's hearing. Remner cited Capital Equipment Enterprises Inc. v. WilsonConcepts[3], a reported appellate opinion from the Second District, as authority. Capital Equipment also involved the overruling of an objection to a referee's report because of a failure to provide the trial court a transcript of the referee's hearing.
The second case cited by the majority is Wade v. Wade[4], a reported appellate opinion from the Eleventh District. The court in Wade stated the appropriate standard of review of the trial court's decision to adopt, reject or modify a referee's report was abuse of discretion but omitted citations in support.[5] Wade also involved the failure of the appellant to provide the trial court with an adequate transcript of the hearing before the referee.
I believe our standard of review of the trial court's decision depends on the type of error claimed and does not automatically become an abuse of discretion standard merely because the trial court made its decision after reviewing a magistrate's decision. If the trial court committed an error of law, whether by adopting, rejecting or modifying the magistrate's decision, why should the trial court's decision be shielded by an abuse of discretion standard of review, a standard which requires demonstration of more than an error of law by the trial court before it may be reversed by this Court? The fact the trial court reviewed a magistrate's decision should have no bearing on the otherwise applicable standard of review we would apply to the trial court's decision.
I believe the applicable standard to be applied in the case sub judice
is whether the trial court erred as a matter of law in concluding "there was not sufficient notice of an agency relationship between defendant [appellant] and Omega Home Health Care."[6] There was no testimonial evidence presented at the hearing before the magistrate nor at the objection hearing before the trial court. The magistrate's and trial court's decisions were based solely upon documentary evidence. Unlike most cases, the trier of fact did not have to determine any credibility issue to which this court must defer. Instead, the trial court concluded the documentary exhibits were insufficient to demonstrate appellant was a disclosed agent. I find the letter from appellant to appellee (Exhibit A) discloses both the existence of the agency and the identity of the principal. Appellee's notation Omega Home Health Care is guarantor on its itemized statement (Exhibit C) belies the conclusion there was ambiguity as to the agency relationship.
I would reverse the judgment of the trial court.
[2] Remner v. Peshek (Sept. 30, 1999), Mahoning App. No. 97-CA-98, unreported.
[3] Capital Equipment Enterprises Inc. v. Wilson Concepts (1984),19 Ohio App.3d 233.
[4] Wade v. Wade (1996), 113 Ohio App.3d 414.
[5] Id. at 419.
[6] June 15, 2001 Judgment Entry at 2, unpaginated.