[Cite as *Gavitt v. Remerowski*, 2019-Ohio-3068.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHRIS GAVITT, | : | APPEAL NO. C-180349 |
| | | TRIAL NO. A-1605974 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| DAVID REMEROWSKI, | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 31, 2019

*Law Office of John H. Forg* and *John H. Forg, III*, for Plaintiff-Appellant,

*Godbey Law* and *Edward L. Vardiman, Jr.*, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}   Plaintiff-appellant Chris Gavitt appeals the trial court's judgment denying him damages after determining that water runoff from defendant-appellee David Remerowski's driveway onto Gavitt's driveway was a private nuisance and ordering Remerowski to abate that nuisance.

{¶2}   In a single assignment of error, Gavitt argues that the trial court erred in finding that Remerowski was not liable for damage to Gavitt's driveway caused by the private nuisance.  Finding no error in the trial court's determination that Gavitt failed to prove that the specific damage claimed by Gavitt to his driveway was caused by the water runoff, we affirm its judgment.

### Factual and Procedural Background

{¶3}   Gavitt filed suit against Remerowski, alleging that Remerowski had purposely diverted the flow of water from his own driveway onto Gavitt's property by cutting openings into a curb that ran along the driveway, causing damage to Gavitt's driveway from the water flow.  Gavitt sought both equitable relief, in the form of an order requiring Remerowski to plug the openings in the curb, and compensatory damages for the damage caused to Gavitt's driveway.

{¶4}   At a bench trial before a visiting judge, Gavitt testified that he purchased a home in Amberley Village in June of 2016.  Gavitt's home was next door to, and downhill from, Remerowski's home.  After purchasing the home, Gavitt observed that during a rainfall, water poured through openings that had been cut into the curb along Remerowski's driveway directly onto his own driveway.  Videos depicting this water runoff were admitted into evidence.  Remerowski admitted to

Gavitt that he had cut openings into the curb, but he denied responsibility for the water runoff onto Gavitt's driveway.

{¶5} Gavitt's driveway was cracked in the area that received the water runoff, and he testified that he had obtained two estimates to repair the driveway. These estimates were for $4,600 and $5,815, respectively. But they involved replacing Gavitt's entire driveway, not just the portion of the driveway that received the water runoff.

{¶6} Testimony from Amberley Village zoning and project administrator Wesley Brown further established that Remerowski had obtained zoning approval in 2001 to replace the curb that ran along his driveway. But in 2002, Remerowski received a letter from Amberley Village notifying him that the openings cut into his curb were not a part of the original plans that had been approved and that the openings needed to be closed and the storm water redirected in an appropriate direction. Remerowski took no action to fill the openings after receiving this letter.

{¶7} Remerowski testified that the plans he submitted to Amberley Village in 2001 for construction of the curb depicted the drainage openings in the curb. And he explained that the installation of the curb had no effect on the water flow from his property onto Gavitt's, as the water flowed in the same direction both before and after the curb was installed. Remerowski further testified that the settlement cracks on Gavitt's driveway were not caused by the water runoff, as those cracks were already on the driveway when Remerowski purchased his home in 1990.

{¶8} Tyler Camerucci, the owner of an asphalt paving company, testified in rebuttal that he had viewed Gavitt's driveway and that it was in poor condition. Camerucci elaborated that excess water flowing from what he described as "slices" in

the neighbor's concrete wall had caused a portion of the driveway to become cracked and broken. He had reviewed the two estimates that Gavitt obtained to repair the driveway and opined that they were not only reasonable, but were less than he would charge. Camerucci estimated that it would cost approximately $3,600, plus tax, to repave only the damaged section of Gavitt's driveway.

{¶9} The visiting judge issued an entry in which he erroneously treated Gavitt's complaint as having raised two separate claims: a claim alleging that he was entitled to compensation for the damage to his driveway caused by Remerowski's negligence, and a claim alleging that he was entitled to relief in equity to abate the private nuisance caused by Remerowski's diversion of the water. With respect to the first claim, the visiting judge found that the continuing flow of water caused damage to Gavitt's driveway, but that Gavitt had failed to offer sufficient evidence to prove causation and related damages. We interpret the trial court's legal conclusion as a determination that, while the water flow did cause damage to the driveway, Gavitt failed to establish that the water flow was the sole cause of the damage or what portion of the damage was in fact caused by the water flow. But as to the latter claim, the judge found that Remerowski had intentionally created a private nuisance by cutting openings into the curb and allowing water to run onto Gavitt's property, and he ordered Remerowski to abate the nuisance by sealing the openings in the curb.

{¶10} Thereafter, the assigned trial court issued a separate judgment finding that Remerowski's actions constituted a private nuisance and requiring him to abate that nuisance. But the court declined to award monetary damages after determining

that Gavitt failed to offer sufficient evidence that the damage to his driveway was caused by the channeling of water from Remerowski's property.

*Damages*

{¶11}  In his sole assignment of error, Gavitt argues that the trial court erred by not awarding damages after finding that Remerowski had created a private nuisance.  He contends that the visiting judge applied an incorrect standard by treating his action for monetary damages as a negligence claim.

{¶12}  Gavitt's complaint raised a single claim alleging that the improper diversion of water was a private nuisance, and he sought both equitable relief and monetary damages.  As we stated, the visiting judge erroneously found that Gavitt's complaint raised two separate claims, one seeking damages for negligence and one seeking equitable relief for a private nuisance.  Despite the visiting judge's error in describing Gavitt's claim as one for negligence, it is clear from the court's judgment that it found that Gavitt failed to prove that Remerowski's diversion of water onto Gavitt's driveway caused the specific damage to the driveway claimed by Gavitt.  Further, the separate judgment issued by the assigned trial court correctly interpreted Gavitt's complaint as having raised one claim that sought two types of relief.  And it likewise determined that Gavitt failed to prove that the damage to his driveway was caused by the water runoff from Remerowski's property.

{¶13}  Gavitt's assignment of error challenges the weight of the evidence supporting the trial court's determination that he failed to prove damages.  When reviewing the manifest weight of the evidence in a civil case, "[w]e weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its

way and created such a manifest miscarriage of justice that its judgment must be reversed and a new trial ordered." *United States Fire Ins. v. Am. Bonding Co., Inc.*, 1st Dist. Hamilton Nos. C-160307 and C-160317, 2016-Ohio-7968, ¶ 16, citing *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20.

{¶14} A trial court's finding of a private nuisance does not automatically entitle a plaintiff to an award of monetary damages. *Blevins v. Sorrell*, 68 Ohio App.3d 665, 669, 589 N.E.2d 438 (12th Dist.) (holding that "the award of money damages does not inevitably follow a finding of nuisance"); *Myers v. Wild Wilderness Raceway, L.L.C.*, 181 Ohio App.3d 221, 2009-Ohio-874, 908 N.E.2d 950, ¶ 39 (4th Dist.). The award of monetary damages for a private nuisance is discretionary with the trier of fact, and will not be reversed absent an abuse of discretion. *Blevins* at 669; *Myers* at ¶ 39; *Price v. Parker*, 10th Dist. Franklin No. 99AP-298, 2000 WL 256176, *5 (Mar. 9, 2000).

{¶15} To prove that the water runoff from Gavitt's property had caused the damage to his driveway, Gavitt relied on Camerucci's testimony. On direct examination, Camerucci testified that the cracking on Gavitt's driveway was caused by excess water runoff. But on cross-examination, he stated that only 50-60 percent of the damage was caused by the water runoff, and he conceded that his estimation was just a guess. Gavitt also relied on testimony from Brown, the Amberley Village zoning and project administrator. Brown testified that water coming from Remerowski's curb had cracked the asphalt on Gavitt's driveway. But he conceded on cross-examination that while the water appeared to have caused the damage, he had no actual knowledge of that, and that the driveway could have been damaged in another manner.

6

{¶16} On this record, we cannot find that the trial court abused its discretion in declining to award damages for the private nuisance. Gavitt failed to present definitive testimony that the damage to his driveway was caused by the water runoff from Remerowski's property, and the trial court's determination that Gavitt was not entitled to monetary damages was not against the weight of the evidence.

{¶17} We therefore overrule Gavitt's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.