**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Taylor v. Harris*, **Slip Opinion No. 2020-Ohio-1046.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1046

TAYLOR, APPELLANT, *v*. HARRIS, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Taylor v. Harris*, Slip Opinion No. 2020-Ohio-1046.]**

*Habeas corpus—Inmate failed to comply with filing requirements of R.C. 2969.25(A)—Court of appeals' dismissal of petition affirmed.*

(No. 2019-0837—Submitted November 13, 2019—Decided March 24, 2020.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2018-T-0100, 2019-Ohio-2098.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eleventh District Court of Appeals dismissing the petition for a writ of habeas corpus filed by appellant, Gudonavon J. Taylor. We also deny Taylor's motion for leave to file an amended brief instanter.

**Facts and Procedural Background**

{¶ 2} On December 18, 2007, the state filed in juvenile court a complaint alleging that Taylor murdered Jerold Bryson. The state then filed a motion requesting that the juvenile court relinquish jurisdiction and transfer Taylor to the

general division of the common pleas court to be tried as an adult pursuant to R.C. 2152.10(A)(1)(a) and 2152.12(A)(1)(a).

{¶ 3} On March 11, 2008, the juvenile court granted the motion, finding that Taylor was 17 years old at the time of the alleged offense and that there was probable cause to believe that he had used a firearm in committing murder during a felonious assault. The juvenile court transferred Taylor's case to the general division of the common pleas court for criminal prosecution.

{¶ 4} Taylor was indicted for three counts of murder, two counts of felonious assault, one count of discharging a firearm on or near prohibited premises, and one count of having a weapon under a disability, each with a firearm specification. *See State v. Taylor*, 2d Dist. Montgomery, No. 23990, 2013-Ohio-186, ¶ 2. He was found guilty of all charges and specifications and sentenced to an aggregate prison term of 41 years to life. *Id*. at ¶ 5. Taylor is currently serving his sentences at Trumbull Correctional Institution.

{¶ 5} On November 21, 2018, Taylor filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals. Taylor's petition claimed that the court of common pleas lacked subject-matter jurisdiction because the juvenile court had failed to make the required findings set forth in R.C. 2152.12(A)(1)(a) before the transfer. He also challenged the constitutionality of the mandatory-transfer procedures.

{¶ 6} On May 28, 2019, the court of appeals dismissed the petition, concluding that the juvenile court's transfer order satisfied the requirements of R.C. 2152.12 and Juv.R. 30. The court also dismissed Taylor's constitutional challenge for two reasons: his affidavit listing his prior civil actions and appeals failed to comply with the requirements of R.C. 2969.25(A) and his petition was barred by res judicata.

{¶ 7} Taylor timely appealed to this court. As proposition of law No. I, Taylor asserts that the court of appeals erred in dismissing his constitutional claims

on procedural grounds. And as proposition of law No. II, Taylor challenges the constitutionality of the statutory mandatory-transfer scheme.

**Analysis**

{¶ 8} The court of appeals correctly dismissed Taylor's petition because it does not comply with the statutory requirements of R.C. 2969.25(A).

{¶ 9} R.C. 2969.25(A) requires an inmate commencing a civil action in the court of appeals against a government entity or employee to file an affidavit listing each civil action or appeal that he has filed in the past five years. For each action or appeal, the inmate must provide (1) a brief description of the nature of the action or appeal, (2) the case name, case number, and court in which the action or appeal was brought, (3) the name of each party to the action or appeal, and (4) the outcome of the action or appeal. The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal. *State ex rel. Perotti v. Clipper*, 151 Ohio St.3d 132, 2017-Ohio-8134, 86 N.E.3d 331, ¶ 3.

{¶ 10} Taylor filed an affidavit listing the civil actions that he had filed in the previous five years. However, Taylor failed to provide its case name and number, the court in which it was brought, and the outcome of the case. Thus, Taylor's petition is fatally defective because he did not comply with R.C. 2969.25(A).

{¶ 11} Taylor acknowledges that he did not provide some of the details about his prior civil actions but requests leniency as a pro se litigant. But " '[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). Thus, this claim lacks merit.

**Motion to File Amended Brief**

{¶ 12} On September 12, 2019, Taylor filed a motion for leave to file an amended brief instanter. But in view of the defects in Taylor's petition, we deny his motion to file an amended brief.

{¶ 13} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Gudonavon J. Taylor, pro se.

Dave Yost, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

————————————