[Cite as *State ex rel. Battigaglia v. Bur. of Sentence Computation*, 2021-Ohio-3008.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Romero A. Battigaglia, :

      Relator, :

v. : No. 20AP-520

Bureau of Sentence Computation, : (REGULAR CALENDAR)

      Respondent. :

D E C I S I O N

Rendered on August 31, 2021

*Romero A. Battigaglia,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Romero A. Battigaglia, an inmate incarcerated at the London Correctional Institution, commenced this action in mandamus seeking an order compelling respondent, Bureau of Sentence Computation ("bureau"), to correct its computation of relator's jail-time credit. In response, the bureau filed a motion to dismiss, or, in the alternative, to revoke or deny in forma pauperis status.[1]

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that the affidavit

---

[1] Relator also filed a motion for default judgment and a motion to take judicial notice.

relator filed with his complaint failed to contain all of the information required by R.C. 2969.25(A). Specifically, the magistrate found that relator's affidavit did not contain a brief description of the nature of the civil action referenced as required by R.C. 2969.25(A)(1). Nor did the affidavit include the case name and the court in which the referenced case was brought as required by R.C. 2969.25(A)(2), or the name of each party to the civil action identified, as required by R.C. 2969.25(A)(3). Lastly, the magistrate determined that relator failed to comply with the requirements of R.C. 2969.25(A)(4) because relator's affidavit inaccurately described the outcome of the case referenced. For these reasons, the magistrate has recommended that we dismiss this case for relator's failure to comply with the mandatory requirements of R.C. 2969.25(A).

{¶ 3} Relator has filed objections to the magistrate's decision. Relator makes three arguments in support of his objections. Relator's first argument addresses the underlying merits of his mandamus action but does not address the deficiencies in his affidavit, which is the basis for the magistrate's decision. Therefore, that argument is inapplicable to the issue before us.

{¶ 4} In his second argument, relator contends that his description of the case identified in his affidavit was sufficient to satisfy the requirements of R.C. 2969.25(A)(1). However, the requirement set forth in R.C. 2969.25(A)(1) is only one of four requirements that must be complied with under the statute. Therefore, regardless of relator's alleged compliance with R.C. 2969.25(A)(1), he makes no argument that he complied with the remaining three requirements of R.C. 2969.25(A). Nor do we find any error in the magistrate's determination that relator did not comply with all the statutory requirements.

{¶ 5} Lastly, relator essentially argues that it is unfair to require him to strictly comply with all of the statutory requirements. However, it is well-established that R.C. 2969.25(A) requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *Id.*; *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998).

{¶ 6} Because relator's affidavit did not strictly comply with all the requirements of R.C. 2969.25(A), we overrule relator's objections.

{¶ 7} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant the bureau's motion to dismiss relator's complaint for a writ of mandamus. This dismissal renders moot relator's motion for default judgment, relator's motion to take judicial notice, and the bureau's alternative motion to revoke or deny in forma pauperis status.

*Objections overruled; case dismissed.*

SADLER and JAMISON, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Romero A. Battigaglia,            :

            Relator,            :

v.            :            No. 20AP-520

Bureau of Sentence Computation,            :            (REGULAR CALENDAR)

            Respondent.            :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 26, 2021

*Romero A. Battigaglia,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON MOTIONS

{¶ 8}   Relator, Romero A. Battigaglia, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Bureau of Sentence Computation ("bureau"), to correct its computation of his jail-time credit. The bureau has filed a February 5, 2021, motion to dismiss, or, in the alternative, motion to revoke or deny *in forma pauperis* status. Relator has also filed a January 6, 2021, motion for default judgment, and a March 3, 2021, motion to take judicial notice.

Findings of Fact:

{¶ 9}   1. Relator is an inmate incarcerated at London Correctional Institution.

{¶ 10} 2. The bureau is a governmental agency responsible for computing release dates for Ohio inmates.

{¶ 11} 3. On November 12, 2020, relator filed the instant mandamus action asking this court to order the bureau to correct its computation of his jail-time credit.

{¶ 12} 4. At the time relator filed this mandamus action, he filed an affidavit of prior civil actions as required by R.C. 2969.25(A). The affidavit provided, in pertinent part:

> [Ten]. I have filed the following civil actions:
>
> A). Writ of mandamus Case No. 2020 CA 00125, Respondent provided what was requested and Relator voluntarily dismissed the action.

{¶ 13} 5. On January 6, 2021, relator filed a motion for default judgment, seeking a default judgment because the bureau had not filed an answer to the complaint.

{¶ 14} 6. On January 15, 2021, relator filed a motion to amend his complaint to change the address upon which the bureau should be served. The magistrate granted the motion to amend on January 20, 2021, and service upon the bureau was completed on February 2, 2021.

{¶ 15} 7. On February 5, 2021, the bureau filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and/or (6) based upon relator's failure to comply with R.C. 2969.25(A), asserting that relator's affidavit of prior civil actions was insufficient because it did not include all of the information required by statute. Alternatively, the bureau moved to revoke or deny *in forma pauperis* status, if the court were to deny the motion to dismiss.

{¶ 16} 8. On February 22, 2021, relator filed a memorandum contra, claiming that, although it is not perfectly drawn, the affidavit was sufficient to demonstrate that he was not a vexatious litigator.

{¶ 17} 9. On March 3, 2021, relator filed a motion to take judicial notice of certain pleadings filed in the trial court that he claims demonstrate the bureau improperly calculated his jail-time credit.

Conclusions of Law:

{¶ 18} The magistrate recommends that this court grant the bureau's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(A).

{¶ 19} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

{¶ 20} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC* at ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 21} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25 (A)(1) through (4).

{¶ 22} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 23} In the present case, a review of relator's affidavit filed with his complaint in mandamus reveals that relator has failed to file an affidavit of prior actions that contains all of the information required by R.C. 2969.25(A). Although relator indicated in the affidavit that the prior action was a "[w]rit of mandamus," such does not comply with the requirement in R.C. 2969.25(A)(1) that the affidavit contain a brief description of the nature of the civil action. *See State ex rel. Bey v. [Ohio] Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 6-11 (dismissal of mandamus action appropriate when the affidavit indicated the general type of action filed in most of the cases, *e.g.*, original action in mandamus or writ of habeas corpus, but it did not actually describe the nature of the actions, such as describing that the cases are original actions in mandamus to compel

compliance with a public records request or to compel the judge to vacate relator's guilty pleas to the offense of murder). Relator's affidavit fails to actually describe the nature of the action, beyond the general description of "[w]rit of mandamus." This vague description is insufficient to comply with R.C. 2969.25(A) under the court's holding in *Bey*.

{¶ 24} Furthermore, the affidavit in the present case does not include the case name and the court in which the civil action was brought, as required by R.C. 2969.25(A)(2), or the name of each party to the civil action, as required by R.C. 2969.25(A)(3). Therefore, dismissal of relator's action is also warranted on these bases. *See State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 312, 2020-Ohio-4788, ¶ 8 (affidavit was deficient because it did not identify the courts in which the cases were brought or the names of all of the parties); *Taylor v. Harris*, 159 Ohio St.3d 564, 2020-Ohio-1046, ¶ 10 (although inmate filed an affidavit listing the civil actions that he had filed in the previous five years, the failure to provide its case name and the court in which it was brought, as well as other deficiencies, rendered the petition fatally defective under R.C. 2969.25(A)); *Bey* at ¶ 9 (affidavit wholly deficient because it was missing the name of the opposing party in the cases listed).

{¶ 25} It appears that relator attempted to comply with R.C. 2969.25(A)(4) by indicating, "Respondent provided what was requested and Relator voluntarily dismissed the action[,]" but this description is vague and, based upon a review of the actual case to which relator is referring, inaccurate. *See State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B) (the magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action); *Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of pleadings that are readily accessible on the internet). In *State ex rel. Battigaglia v. Kubilus*, 5th Dist. No. 2020CA00125, 2020-Ohio-5015, relator did file an action in mandamus requesting that a common pleas court judge issue a decision on his motion to vacate costs and fines related to two previous cases; however, the trial court dismissed the action after the judge subsequently issued a ruling denying the motion. Relator inaccurately described

the outcome. He did not voluntarily dismiss the action. Therefore, dismissal is also warranted based upon relator's failure to strictly comply with R.C. 2969.25(A)(4).

{¶ 26} Furthermore, given the above disposition, relator's motion for default judgment, relator's motion to take judicial notice, and the bureau's alternative motion to revoke or deny *in forma pauperis* status are denied.

{¶ 27} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25(A), this court should grant the bureau's motion to dismiss relator's complaint for writ of mandamus. The court should also deny relator's motion for default judgment, relator's motion to take judicial notice, and the bureau's alternative motion to revoke or deny *in forma pauperis* status.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).