[Cite as *Johns v. Ball*, 2021-Ohio-3136.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

GREGORY D. JOHNSON

APPELLANT

V.

BARBARA BALL

APPELLEE

COURT OF APPEALS NO. {62}OT-20-019

TRIAL COURT NO. CVI 2000019

**DECISION AND JUDGMENT**

DECIDED: September 10, 2021

* * * * *

Gregory D. Johnson, pro se.

* * * * *

**OSOWIK, J.**

**Facts and Procedural Background**

{¶ 1} Appellant, Gregory D. Johnson, filed a complaint in the Small Claims Division of the Ottawa County Municipal Court on April 2, 2020. The complaint claimed that on July 22, 2019, appellant noticed that his garden was "tore all to pieces." He called 911 and police arrived to investigate. He asked the police to "make an arrest"

or at least question his neighbor, Barbara Ball. Having never received any report from the police, appellant filed the small claims complaint seeking compensation "in the amount of $3,000 for losses including my labor over the course of two months, preparing the land, planting and watering the plants, and for material costs including use of a tiller, purchase of plants, purchase of fertilizer and weed preventer, and water and sewer bill. Itemization is available upon request, with expenses totaling approximately $3,000."

{¶ 2} On July 2, 2020, the case proceeded to hearing before a magistrate in the Small Claims Division of the Ottawa County Municipal Court.

{¶ 3} On July 2, 2020, the magistrate made a decision and recommendation that the plaintiff (appellant) "failed to present evidence as to $ amount of damages to garden" and recommended a judgment in favor of the defendant.

{¶ 4} On July 14, 2020, appellant filed an "OBJECTION TO MAGISTRATE'S DECISION, JOURNALIZED AND FILED JULY 2, 2020, IN THE OTTAWA COUNTY MUNICIPAL COURT, OHIO CIVIL RULE 53"

{¶ 5} In his objections, appellant argued that "the magistrate failed to take all evidence into consideration" and that "It is unreasonable for this writer, Gregory D. Johnson, pro se plaintiff, to produce receipts for each and every material that was used to produce his garden from a year ago."

{¶ 6} On August 19, 2020, the court ruled on these objections. The court found that "The Plaintiff's Objections fail to comply with the express provision of Civ.R. 53

2.

(D)(3)(b)(iii) which specifically state that objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the Magistrate relevant to the findings or an affidavit of that evidence if a transcript is not available."

{¶ 7} The court further found that the magistrate's decision had no errors of law or defects and specifically "adopted the decision of the magistrate and granted judgment in favor of the Defendant."

{¶ 8} The record reflects that appellant's objections were not accompanied with a transcript of the proceedings or an affidavit. There is nothing in the record that indicates that appellant requested a transcript of the July 2, 2020, proceedings until his praecipe was filed with this court.

{¶ 9} Appellant filed his appeal to this court on September15, 2020. When his notice of appeal was filed, in the praecipe to this court, appellant indicated that he did not have a transcript and "The pro se litigant is working on a transcript because the trial court has put the burden on the pro se litigant."

## Assignment of Error

{¶ 10} Appellant presents one assignment of error but two separate arguments for our review. The first argument claims that the "magistrate's decision was arbitrary, capricious, and egregious with magistrate's finding in favor of the defendant based on the magistrate's interpretation that the pro se litigant did not specify damages."

3.

**{¶ 11}** Appellant's second argument contends that "the lower court failed to provide an adequate avenue for appeal when it refused to provide proper record of the trial, including a transcript as is required by law, in order that the pro se litigant could properly file an objection and appeal in a timely manner."

## Discussion

**{¶ 12}** We shall address appellant's arguments in reverse order.

### The July 2, 2020 Transcript of the Magistrate's Hearing

**{¶ 13}** Despite appellant's contention that the Ottawa County Municipal Court was obligated to submit a transcript of the July 2, 2020, along with his objections, Civ R 53 (D)(3)(b)(iii) states:

> (iii) Objection to Magistrate's Factual Finding; Transcript or Affidavit.

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

> With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing

4.

objections unless the court extends the time in writing for preparation of the transcript or other good cause.

> If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. (Emphasis added.)

{¶ 14} Thus, it is the obligation of the party challenging a magistrate's factual findings to provide the trial court with a transcript of the hearing or an affidavit of that evidence if a transcript is not available.

{¶ 15} It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel. *Taylor v. Harris*, 159 Ohio St.3d 564, 2020-Ohio-1046, 152 N.E.3d 262, ¶ 11, *reconsideration denied* 159 Ohio St. 3d 1418, 2020-Ohio-3365, 147 N.E.3d 660.

{¶ 16} The record shows that the appellant did not support his objections with a transcript or affidavit or request leave of the court for an extension of time within which to present a transcript. Thus, the argument that the Ottawa County Municipal Court was obligated to provide the transcript to accompany his objections to the magistrate's decision lacks merit.

{¶ 17} We will note that the transcript of the July 2, 2020 small claims hearing before the magistrate was presented to this court on November 2, 2020. However, we

5.

may not consider the transcript in resolving Johnson's assigned errors. Our determination, like that of the trial court, is limited to the application of law to the magistrate's findings of fact. Civ.R. 53(D)(3)(a). *Kormanik, Guardian v. HSBC Mortg.,* 10th Dist. Franklin No. 12AP-18, 2012-Ohio-5975, ¶ 11-13. It is axiomatic that in an appeal on questions of law the reviewing court may consider only that which was considered by the trial court and nothing more. *State v. Ishmail*, 54 Ohio St.2d 402, 405, 377 N.E.2d 500 (1978), quoting *Bennett v. Dayton Mem. Park & Cemetery Assn.*, 88 Ohio App. 98, 101, 93 N.E.2d 712 (2d Dist.1950). Inasmuch as the trial court did not have before it the transcript of the small claims hearing and could not have considered its contents, this court may not consider it.

**The Magistrate's decision was not arbitrary, capricious and egregious.**

{¶ 18} Appellant's second argument claims that the "magistrate's decision was arbitrary, capricious, and egregious with magistrate's finding in favor of the defendant based on the magistrate's interpretation that the pro se litigant did not specify damages."

{¶ 19} On appeal, we must determine whether the trial court abused its discretion in its decision to adopt the magistrate's decision. *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009–Ohio–3788, ¶ 5.

{¶ 20} In Ohio, the burden of proving damages by a preponderance of the evidence is upon the party claiming the damages. *Cap. Equip. Enterprises, Inc. v. Wilson Concepts, Inc.,* 19 Ohio App.3d 233, 234, 484 N.E.2d 237 (2d Dist.1984). In this case,

6.

Johnson filed a complaint in which he was seeking $3,000 in damages from the defendant.

{¶ 21} Appellant argues that if the court wanted evidence in support of his claim for $3,000 in damages, it "was available upon request."  Nevertheless, the time for the presentation of this evidence was at the July 2, 2020 small claims hearing, despite appellant's assertion that it would have been "unreasonable for this writer, Gregory D. Johnson, pro se plaintiff, to produce receipts for each and every material that was used to produce his garden from a year ago."

{¶ 22} Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of fact made by the magistrate.  *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶ 23} We cannot find an abuse of discretion by the trial court when it adopted the decision of the magistrate that Johnson was not entitled to monetary damages.  *Gavitt v. Remerowski,* 1st Dist. Hamilton No. A-1605974, 2019-Ohio-3068, ¶ 13-16.

**Conclusion**

{¶ 24} Appellant's assignment of error is found not well-taken and is denied.  The judgment of the Ottawa County Municipal Court is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski

_____
JUDGE


Thomas J. Osowik

_____
JUDGE


Christine E. Mayle
CONCUR

_____
JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.