[Cite as *State ex rel. Ware v. Bur. of Sentence Computation*, 2020-Ohio-2695.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani Ware, | : | |
| Relator, | : | |
| v. | : | No. 19AP-841 |
| Bureau of Sentence Computation Office, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on April 28, 2020

*Kimani Ware*, pro se.

IN MANDAMUS
ON RELATOR'S OBJECTION TO MAGISTRATE'S DECISION

BRUNNER, J.

{¶ 1} Relator, Kimani Ware, pro se, an inmate of the Trumbull Correctional Institution ("TCI"), filed this original action for a writ of mandamus seeking an order that respondent, Bureau of Sentence Computation ("BOSC"), provide him with public records he requested under Ohio's Public Records Act, R.C. 149.43. Having referred Ware's complaint to a magistrate of this Court under Civ.R. 53, we modify and adopt the magistrate's decision and sua sponte dismiss the action, additionally denying Ware's motion for default judgment as moot.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Ware filed his complaint in mandamus on December 16, 2019. At the time Ware filed this action, he submitted an affidavit of prior civil actions that purported to satisfy the requirements of R.C. 2969.25(A) and an affidavit of indigency that purported to satisfy the requirements R.C. 2969.25(C).

{¶ 3}    This Court referred Ware's complaint to a magistrate according to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  On January 22, 2020, the magistrate issued a decision, including findings of facts and conclusions of law, which is appended to this decision.  The magistrate recommends this Court sua sponte dismiss Ware's action because Ware failed to satisfy the mandatory filing requirements of R.C. 2969.25(C)(1), which requires a statement setting forth the balance in Ware's inmate account for each of the six months preceding the filing of his complaint.  The magistrate further recommended that, inasmuch as Ware does not prevail, not having established indigency, this Court should order him to pay the costs of these proceedings.

{¶ 4}    Also on January 22, 2020, the magistrate issued an order denying as moot BOSC's motion, filed January 21, 2020, for an extension of time in which to file an answer to Ware's complaint.

{¶ 5}    On January 27, 2020, Ware filed a motion for default judgment against BOSC. This Court issued an entry stating that Ware's motion for default judgment would be submitted to the Court at such time as the Court reviewed the magistrate's decision.

{¶ 6}    Ware filed an objection to the magistrate's decision.

## II. OBJECTION

{¶ 7}    Ware presents a sole objection to the magistrate's decision:

> The magistrate erred by failing to properly review the Cashier's statement submitted by [Ware] and [Ware's] attached affidavit.

## III.  LAW AND DISCUSSION

### A. Objection

{¶ 8}    It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory and cannot be cured after the fact.  *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.

{¶ 9}    While Ware did provide an affidavit of indigency and a certified cashier statement of his inmate account, the statement does not set forth the account balance for *each* of the six months preceding the filing of this action, as required by R.C. 2969.25(C)(1). Specifically, the cashier statement contains only a summary of Ware's inmate account for the six-month period ending December 13, 2019.  Furthermore, the affidavit did not address all other cash and things of value owned by Ware.  Failure to comply fully with R.C.

2969.25(C)(1) warrants dismissal of the complaint. *State ex rel. Pamer v. Collier,* 108 Ohio Std.3d 492, 2006-Ohio-1507, ¶ 5.

{¶ 10} Further, based on our examination of the record, we find that Ware's list of prior civil actions fails to meet all four requirements of R.C. 2969.25(A), which are as follows:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 11} Although Ware's list of cases provides the name of the case, the case number, the court in which it was filed, and the status, Ware did not provide a brief description of the nature of the cases. As a result, we conclude Ware has failed to meet all the requirements of R.C. 2969.25(A)(1), and dismissal of the complaint is proper because the requirements of the statute were not fully met. *Watley v. Coval*, 10th Dist. No. 03AP-829, 2004-Ohio-1734, ¶ 7, citing *State ex rel. White v. Mack*, 93 Ohio St.3d 572, 573 (2001); *State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas*, 94 Ohio St.3d 210 (2002).

{¶ 12} Accordingly, we modify the magistrate's decision to include our finding and conclusion that Ware's affidavit of prior civil actions fails to satisfy the requirements of R.C. 2969.25(A)(1).

{¶ 13} We agree with the magistrate that Ware failed to comply with the mandatory requirements of R.C. 2969.25, and his petition for a writ of mandamus warrants dismissal. Ware's objection is overruled.

### B. Motion for Default Judgment

{¶ 14} Because we have modified and adopted the magistrate's decision and dismiss sua sponte Ware's complaint, Ware's motion for default judgment against BOSC is denied as moot.

## IV. CONCLUSION

{¶ 15} Having modified the findings of fact and conclusions of law in the magistrate's decision with regard to Ware's failure to satisfy the requirement of R.C. 2969.25(A)(1), we adopt the magistrate's decision as our own. Having conducted an independent review of the record, the applicable law, our magistrate's decision, and Ware's objection, we overrule Ware's objection and dismiss this action sua sponte. Additionally, Ware's motion for default judgment against BOSC is denied as moot. Finally, inasmuch as Ware did not prevail and did not establish indigency, this Court orders him to pay the costs of these proceedings.

*Relator's objection overruled;*
*petition for writ of mandamus dismissed;*
*relator's motion for default judgment moot;*
*relator ordered to pay costs of these proceedings.*

DORRIAN and BEATTY BLUNT, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani Ware, | : | |
| Relator, | : | |
| v. | : | No. 19AP-841 |
| Bureau of Sentence Computation Office, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 22, 2020

*Kimani Ware,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 16} Relator, Kimani Ware, has filed this original action requesting this court issue a writ of mandamus ordering respondent Bureau of Sentence Computation Office ("BOSC") to provide him with public records which he requested pursuant to Ohio's Public Records Act R.C. 149.43.

Findings of Fact:

{¶ 17} 1. Relator is an inmate currently incarcerated at Trumbull Correctional Institution.

{¶ 18} 2. Relator filed this mandamus action on December 16, 2019.

{¶ 19} 3. At the time he filed this original action, relator did file an affidavit of indigency; however, relator failed to attach thereto a statement of the amount in his inmate

account for each of the preceding six months as certified by the institutional cashier and a statement of all other cash and things of value he owns.

Conclusions of Law:

{¶ 20} The magistrate recommends this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 21} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 22} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 23} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex*

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

> *rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio
> St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

{¶ 24} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

> In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."

> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 25} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).