[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bey v. Bur. of Sentence Computation*, Slip Opinion No. 2022-Ohio-236.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-236

THE STATE EX REL. BEY, APPELLANT, *v.* BUREAU OF SENTENCE COMPUTATION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bey v. Bur. of Sentence Computation*, Slip Opinion No. 2022-Ohio-236.]

*Mandamus—Inmate failed to comply with requirements of R.C. 2969.25(A)—Court of appeals' dismissal of complaints affirmed.*

(No. 2021-0183—Submitted September 7, 2021—Decided February 2, 2022.)

APPEAL from the Court of Appeals for Franklin County, Nos. 19AP-46 and 19AP-534, 2021-Ohio-70.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Vincent El Alan Parker Bey, appeals the judgment of the Tenth District Court of Appeals dismissing two complaints for writs of mandamus to compel the Bureau of Sentence Computation ("BSC") and the Ohio Adult Parole Authority ("APA") to produce public records. We affirm.

## I. BACKGROUND

### A. Case No. 19AP-46

{¶ 2} In October 2018, while an inmate at the Trumbull Correctional Institution ("TCI"), Bey sent a public-records request to the BSC for "a copy of the journal entry of conviction in case number CR-95-320034." According to Bey, he never received a response from the BSC. In January 2019, he filed a complaint for a writ of mandamus in the Tenth District Court of Appeals.

{¶ 3} In response to Bey's complaint, the BSC submitted evidence that included an affidavit from a BSC employee who attested that she sent the requested documents to Bey in February 2019 (i.e., after the BSC received Bey's complaint). In his merit brief to the court of appeals, Bey acknowledged receiving the documents but argued that he was entitled to statutory damages and court costs because the BSC did not timely produce the records.

### B. Case No. 19AP-534

{¶ 4} In February 2019, Bey sent a public-records request to the APA, again requesting a copy of "the journal entry of conviction in case number CR-95-320034." In addition, he requested a copy of the APA's "decision and minutes" relating to a 2005 parole-board hearing. According to Bey, he never received a response from the APA. In August 2019, he filed a mandamus complaint in the Tenth District Court of Appeals. The APA filed a motion to dismiss based on Bey's alleged failure to comply fully with R.C. 2969.25(A), which requires an inmate who commences a civil action against a governmental entity or employee to file an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

### C. Consolidated proceedings

{¶ 5} The court of appeals sua sponte consolidated the two mandamus cases. Bey filed a motion for reconsideration challenging the consolidation, which the magistrate denied.

**{¶ 6}** On February 6, 2020, the magistrate issued a decision in which she concluded that the two affidavits of prior civil actions attached to Bey's complaints did not comply with R.C. 2969.25(A). She recommended that the court grant the APA's motion to dismiss case No. 19AP-534 and that the court "find in favor of" the BSC in case No. 19AP-46.

**{¶ 7}** Bey filed seven objections to the magistrate's decision. Of greatest import, he challenged the magistrate's recommendation to dismiss for failure to comply with R.C. 2969.25(A), both on the merits and on the ground that "it can be inferred that [the BSC] waived this defense." He also objected to the consolidation order, a number of alleged omissions in the magistrate's findings in case No. 19AP-46, and the magistrate's failure to find that the BSC acted in bad faith when it provided records after he filed the mandamus complaint.

**{¶ 8}** On January 14, 2021, the court of appeals overruled Bey's objections and dismissed the cases for failure to comply with R.C. 2969.25(A). 2021-Ohio-70, ¶ 12. The court of appeals adopted the magistrate's decision with one modification: it dismissed case No. 19AP-46 "without any consideration of the merits." *Id*. at ¶ 9, 12. The court of appeals' opinion did not separately address each of the seven arguments set forth in Bey's objections.

**{¶ 9}** Bey appealed.

## II. ANALYSIS

### A. Standard of review

**{¶ 10}** "We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6)." *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. In his merit brief, Bey raises eight propositions of law, all of which are based on his claim that the court of appeals did not consider his objections to the magistrate's recommendation. Bey contends that because of this omission, the court of appeals' decision is not a final, appealable order.

Therefore, before considering whether the court of appeals correctly dismissed the complaints, we must first decide whether we have jurisdiction to hear the appeal.

**B. Is there a final, appealable order?**

{¶ 11} In his objections to the magistrate's decision, Bey presented three arguments concerning his affidavit of prior actions. The court of appeals analyzed whether the two affidavits complied with the requirements of R.C. 2969.25(A), 2021-Ohio-70 at ¶ 9-10, and expressly rejected Bey's substantial-compliance argument, *id*. at ¶ 7. But the appeals court did not specifically mention Bey's allegation in his third objection that the BSC had waived the defense that he had failed to comply with R.C. 2969.25(A). Bey suggests that the court's failure to independently review and address each of his objections, including his waiver argument, means that the judgment entry is not a final, appealable order.

{¶ 12} Bey's argument is without merit. The decision of the court of appeals properly addressed and disposed of all issues that were before the court. In its decision, the court held that because a compliant affidavit of prior actions was a prerequisite to maintaining a mandamus action in this case, Bey's failure in that regard deprived the court of jurisdiction to entertain his claims. As we will discuss, that was an accurate statement of the law. All other contentions made by Bey, including his incorrect assertion that the respondent could somehow waive the filing requirement, were disposed of with the jurisdictional determination. Because the decision of the court of appeals determined the action, its judgment was a final, appealable order. *See* R.C. 2505.02(B)(1).

**C. Did Bey's affidavits satisfy the statutory requirements?**

{¶ 13} An inmate who commences a civil action against a governmental entity or employee (other than in this court or the Court of Claims) must file an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). The affidavit must include "(1) A brief description of the nature of the civil action or

appeal; (2) The case name, case number, and court in which the civil action or appeal was brought; (3) The name of each party to the civil action or appeal; [and] (4) the outcome of the civil action or appeal * * *." R.C. 2969.25(A). Compliance with R.C. 2969.25(A) is mandatory, and failure to comply warrants dismissal. *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.

*1. The affidavit in case No. 19AP-46*

**{¶ 14}** Bey's affidavit in case No. 19AP-46 (his claim against the BSC) purported to list five prior civil actions from the previous five years, using the following language:

> (1) Court of Claims of Ohio against ODRC for a bailment issue concerning legal property. Case Number 2013-00154, Vincent A. Parker v. ODRC. Relator appealed the decision to the Tenth District Court of Appeals, Case number 16-AP-615. (2) Supreme Court of Ohio, on January 29, 2018, Original Action in Mandamus, case number 2018-0147. (3) Eighth District Court of Appeals on September 17, 2018 Original Action in Mandamus, case number CA-18-107686. (4) Eleventh District Court of Appeals on October 2, 2018, Writ of Habeas Corpus, case number 2018-TR-090. (5) Eighth District Court of Appeals, Original Action in Mandamus, case number CA-18-107909.

As the magistrate noted, Bey failed to identify the opposing party in four of the five listed cases, and he failed to list the outcomes for any of the cases. 2020-Ohio-70 at ¶ 44. These omissions render the affidavit defective and require dismissal of the complaint. *See, e.g., Taylor v. Harris*, 159 Ohio St.3d 564, 2020-Ohio-1046, 152 N.E.3d 262, ¶ 10 (affirming dismissal of inmate suit because affidavit of prior civil

actions "failed to provide for each action the case name and number, the court in which it was brought, and the outcome of the case").

*2. The affidavit in case No. 19AP-534*

**{¶ 15}** The affidavit Bey attached to his complaint in case No. 19AP-534 (his claim against the APA) listed the following cases:

> (1) Vincent A Parker v. ODRC case number 16-AP-615, relator appealed a decision in [sic] that originated in the court of claims, case number 2013-00154. (2) Supreme Court of Ohio, on January 29, 2018 Original Action in Mandamus Parker v. Russo 2018-0147, court granted respondents motion to dismiss, writ denied. (3) State ex rel Parker v. Russo Original Action in Mandamus, case number CA-18-107686, writ denied, appeal pending. (4) State ex rel Parker Bey v. Bracy Eleventh District Court of Appeals, Writ of Habeas Corpus, case number 2018-TR-090, writ denied, appeal pending. (5) State ex rel. Parker Bey v. Byrd, Original Action in Mandamus case number CA-18-107909, writ denied, appeal pending. (6) State ex rel. Parker Bey v. Julie Loomis & Trumbull Correctional Institution et al., Eleventh District Court of Appeals, Original Action in Mandamus, case number 2109-TR-35, pending. ( ) State ex rel. Parker Bey v. Bureau Sentence Computation, Original Action in Mandamus, Tenth District Court of Appeals, case number 19-AP-46, pending.

The magistrate correctly concluded that this list also failed to comply with the statute. R.C. 2969.25(A)(1) requires the affidavit to include a "brief description of the nature of the civil action or appeal." Although Bey corrected some of the flaws from his previous affidavit, the first entry on the list, his appeal in "Vincent A.

Parker v. ODRC case number 16-AP-615," provides no description of the *nature* of that appeal.

*3. Bey's objections to the magistrate's decision regarding the affidavits*

{¶ 16} In his third objection to the magistrate's decision, Bey asserted three arguments. First, he claimed that the BSC waived any challenge to his affidavits by failing to raise it as an affirmative defense in its answer in case No. 19AP-46. (This argument does not apply to case No. 19AP-534, because the APA *did* raise the argument at the first opportunity in its motion to dismiss.)

{¶ 17} Civ.R. 8(C) designates specific defenses that must be set forth in an answer or other responsive pleading, and the failure to do so constitutes a waiver. *See, e.g., State ex rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehab. & Corr.*, __ Ohio St.3d __, 2021-Ohio-1762, __ N.E.3d __, ¶ 31 (affirmative defense of laches waived because it was not raised as an affirmative defense in the answer). Affirmative defenses that are *not* listed in Civ.R. 8(C) are likewise waived unless raised in the pleadings or in an amended pleading pursuant to Civ.R. 15. *Jim's Steak House v. Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (1998) (plurality). And numerous courts of appeals have held that it is error for a court to raise and rule on an affirmative defense sua sponte. *See, e.g.*, *Langley v. Langley*, 5th Dist. Coshocton No. 2013CA0015, 2014-Ohio-1651, ¶ 26; *O'Brien v. Olmsted Falls*, 8th Dist. Cuyahoga Nos. 89966 and 90336, 2008-Ohio-2658, ¶ 14-15. Because the BSC raised the affidavit issue for the first time in its merit brief, not in its answer, Bey contends that the issue was waived.

{¶ 18} However, noncompliance with the R.C. 2969.25(A) affidavit requirement is not an affirmative defense. An affirmative defense is " 'a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.' " *State v. Kay*, 12th Dist. Butler No. CA2012-01-007, 2012-Ohio-3426, ¶ 14, quoting *Black's Law Dictionary* 482 (9th Ed.2009). An affirmative defense is one that

"assumes establishment of a prima facie case." *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 432, 659 N.E.2d 1232 (1996), fn. 3. " 'It admits that the plaintiff has a claim (the "confession") but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the "avoidance").' " *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33, 661 N.E.2d 187 (1996), quoting 1 Klein, Browne & Murtaugh, *Baldwin's Ohio Civil Practice*, Section T 13.03, 33 (1988). By contrast, a defense that prevents a plaintiff or relator from even establishing a prima facie case is not an affirmative defense. *State ex rel. Todd v. Canfield*, 7th Dist. Mahoning No. 11 MA 209, 2014-Ohio-569, ¶ 14.

{¶ 19} The affidavit is an essential component of what an inmate-plaintiff must file to commence a civil action against a public employee or entity, and a challenge based on noncompliance with R.C. 2969.25(A) does not assume the allegations in the complaint are true. An inmate's compliance with R.C. 2969.25(A)'s affidavit requirement is "mandatory." *Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, at ¶ 3. We have never held that the affidavit requirement is an affirmative defense subject to waiver. To the contrary, we have affirmed the practice of courts dismissing prisoner complaints sua sponte on this basis. *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, 29 N.E.3d 967, ¶ 3. Thus, the BSC's failure to raise this issue in its answer did not preclude the BSC from asserting it for the first time in its merit brief before the court of appeals. Bey's first argument therefore has no merit.

{¶ 20} Second, Bey objected to the magistrate's recommendation by claiming that he complied with R.C. 2969.25(A) and that the magistrate improperly held him to a "hyper-technical standard." However, Bey cited no authority for this argument, which is contrary to the well-established rule that R.C. 2969.25(A) "requires strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6; *see also State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, 173 N.E.3d 1209, ¶ 7.

**{¶ 21}** Finally, Bey contends that the affidavit he filed in case No. 19AP-534 satisfied the statute, even if the affidavit in case No. 19AP-46 did not. We have already considered and rejected this claim above.

### III. CONCLUSION

**{¶ 22}** For these reasons, we hold that the court of appeals correctly dismissed both mandamus complaints because Bey failed to comply with the requirements of R.C. 2969.25(A) in his affidavits of prior civil actions. And because the complaints were properly dismissed, Bey's remaining propositions of law are moot. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Vincent El Alan Parker Bey, pro se.

Dave Yost, Attorney General, and Tony H. Shang, Assistant Attorney General, for appellee.

_____