[Cite as *State ex rel. Wolfe v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-1033.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Javelen Wolfe, | : | |
| Relator, | : | |
| v. | : | No. 24AP-553 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 25, 2025

*Javelen Wolfe*, pro se.

*Dave Yost*, Attorney General, *Adam Beckler*, and *George Horvath*, for respondent.

IN MANDAMUS
ON REVIEW OF MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} On September 5, 2024, relator, Javelen Wolfe, an inmate at London Correctional Institution in London, Ohio, filed a complaint in the instant mandamus action, and on October 22, 2024, relator filed a motion for a default judgment. On December 9, 2024, respondent, Ohio Department of Rehabilitation and Correction, filed a motion to dismiss, arguing that relator had failed to comply with R.C. 2969.25(A). Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On review, the magistrate recommended that we dismiss the action for failure to comply with R.C. 2969.25(A) and deny the motion for default judgment as moot.

{¶ 2} Relator has not filed any objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that

there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223, ¶ 32-33 (10th Dist.) (adopting the magistrate's decision where no objections were filed).

{¶ 3}    As we have found no error of law or other defect on the face of the magistrate's decision, we adopt it as our own, including the findings of fact and conclusions of law as they are set forth in the decision.  In accordance with the magistrate's recommendation, respondent's motion to dismiss is sustained, relator's petition for writ of mandamus is dismissed, and relator's motion for default judgment is denied as moot.

*Respondent's motion to dismiss sustained;*
*relator's petition for writ of mandamus dismissed;*
*relator's motion for default judgment denied as moot.*

MENTEL and BOGGS, JJ., concur.

_____

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Javelen Wolfe, | : | |
| Relator, | : | |
| v. | : | No. 24AP-553 |
| Ohio Department of Rehabilitation & | : | (REGULAR CALENDAR) |
| Correction, | : | |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 30, 2024

---

*Javelen Wolfe*, pro se.

*Dave Yost*, Attorney General, *Adam Beckler*, and *George Horvath*, for respondent.

---

IN MANDAMUS
ON MOTIONS

{¶ 4} Relator Javelen Wolfe seeks a writ of mandamus ordering respondent Ohio Department of Rehabilitation and Correction ("ODRC") to comply with Wolfe's request for public records under R.C. 149.43. Wolfe has filed a motion for default judgment. ODRC has filed a motion to dismiss. For the following reasons, the magistrate recommends granting ODRC's motion to dismiss.

**I. Findings of Fact**

{¶ 5} 1. At the time this action was filed, Wolfe was an inmate incarcerated at London Correctional Institution in London, Ohio.

{¶ 6} 2. ODRC is a government entity for purposes of R.C. 2969.21 et seq.

{¶ 7}    3. Wolfe filed a complaint for mandamus on September 5, 2024. Attached to the complaint was an affidavit of indigency and affidavit of prior actions.

{¶ 8}    4. In the complaint, Wolfe alleges that on June 10, 2024, Wolfe sent a letter requesting that ODRC provide a certified copy of the original, unredacted contract between GTL/Viapath and ODRC. Wolfe alleges that ODRC has not answered or responded to the public records request. Wolfe seeks a writ of mandamus ordering ODRC to provide the records, pay $1,000 to Wolfe, and pay court costs for this matter.

{¶ 9}    5. On October 21, 2024, a notation on the docket reflected a failure of service.

{¶ 10}  6. Wolfe filed a motion for default judgment on October 22, 2024.

{¶ 11}  7. On November 12, 2024, a notation on the docket reflected that service of the complaint was made on November 9, 2024.

{¶ 12}  8. On December 9, 2024, ODRC filed a motion to dismiss.

{¶ 13}  9. On December 23, 2024, Wolfe filed a response to ODRC's motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 14} In its motion to dismiss, ODRC argues that Wolfe's complaint must be dismissed for lack of compliance with R.C. 2969.25.

### A. Inmate Filing Requirements

{¶ 15} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 3 (stating that the "provisions in R.C. 2969.21 through 2969.27 were enacted * * * effective October 17, 1996, and appear to be Ohio's version of the Federal Prison Litigation Reform Act"). These procedural requirements include an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C).

{¶ 16} With regard to the affidavit of prior civil actions, R.C. 2969.25(A) provides that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has

filed in the previous five years in any state or federal court." To comply with this statute, the filed affidavit must include *all* of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under [R.C. 2323.51], another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A).

{¶ 17} Definitions pertaining to R.C. 2969.25 are contained in R.C. 2969.21. R.C. 2969.21(B)(1) defines a "civil action or appeal against a government entity or employee" as including any of the following:

> (a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;
>
> (b) An appeal of the judgment or order in a civil action of the type described in [R.C. 2969.21(B)(1)(a)] that an inmate files in a court of appeals.

However, the term "civil action or appeal against a governmental entity or employee" does not include "any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court." R.C. 2969.21(B)(2). Importantly, inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the previous five years need not file the affidavit of prior civil actions required by R.C. 2969.25(A). *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3.

{¶ 18} Compliance with the inmate filing requirements in R.C. 2969.25 is

mandatory, and failure to comply compels dismissal. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 13. R.C. 2969.25 "requires strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Substantial compliance is not sufficient. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25, including amending the complaint" were "expressly foreclosed") (Emphasis in original.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 ("A belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance."). Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing an original action for failure to comply with the inmate filing requirements in R.C. 2969.25. *See State ex rel. Watkins v. Andrew*s, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8-9. *See also Bey*, 2022-Ohio-236, at ¶ 19.

**B. Inmate Filing Requirements Are Not Met**

{¶ 19} From review of the complaint and its attachments, the magistrate concludes the complaint must be dismissed because Wolfe has failed to fully comply with the inmate filing requirements in R.C. 2969.25. As pointed out by ODRC, Wolfe's affidavit of prior actions does not include all of the information required by R.C. 2969.25(A).

{¶ 20} Wolfe's affidavit of prior actions fails to include information required by R.C. 2969.25(A)(2). With regard to the first action listed in the affidavit, Wolfe states as follows: "On August 15, 2022, the plaintiff filed a Writ of Habeas Corpus as Subjiciendum against Jenny Hildebrand because of unlawful incarceration. The case number for this case is CVH20220155. The case is still pending. Presiding, Judge Eamon Costello." (Aff. of Prior Actions at 1.) Initially, the magistrate notes that an original action seeking a writ of habeas corpus is civil in nature, and, therefore, habeas corpus actions and appeals from such actions filed within the previous five years must be listed in an inmate affidavit to comply with R.C. 2969.25(A). See *Fuqua*, 2003-Ohio-5533, at paragraph one of the syllabus ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action."). Though Wolfe provides much

of the information required by R.C. 2969.25(A), there is no information regarding the case name or the court in which the action was brought, as required by R.C. 2969.25(A)(2). *See State ex rel. Pointer v. Ohio Adult Parole Auth.*, 10th Dist. No. 21AP-412, 2022-Ohio-358, ¶ 8 (dismissing for lack of compliance with R.C. 2969.25 and stating that "[o]ther deficiencies include that the affidavit does not include the court in which the actions were filed, as required by R.C. 2969.25(A)(2)"); *State ex rel. Clay v. Galonski*, 9th Dist. No. 31018, 2024-Ohio-2985, ¶ 4 (dismissing for lack of compliance with R.C. 2969.25(A) and noting that "when addressing his compliance with R.C. 2969.25(A)(2), [the relator] wrote only that he provided the case number and court in which the action was brought," but "did not include the case name in his affidavit").

> Next, Wolfe's affidavit includes the following description:
>
> On August 25, 2023, the plaintiff filed an injunction against the Ohio Department of Rehabilitation and Corrections because the plaintiff was the victim of what he believed to be a Constitutional issue being deprived a right to ownership concerning his private property, along with Warden Michael DeMartino.
>
> Case number 23CV006078 in the Franklin County Common Pleas. Judge Mcintoch decided that Summary judgment on behalf of the Defendant's was appropriate and decided that case on 10-31-23.

(Sic passim.) (Aff. of Prior Actions at 1.) From this description and the formatting of the affidavit, it is unclear whether Wolfe is referring to two different cases, as suggested by ODRC in its motion to dismiss, or the same case. Even if all of the quoted material pertains only to a single case, however, Wolfe still fails to comply with R.C. 2969.25(A)(2) because he does not include the case name.

{¶ 21} Additionally, Wolfe's affidavit contains the following description of another action: "The Plaintiff have a case in the Court of Cla[i]ms case no. 2024-00499JD against ODRC where the Relator believes that his injuries is rightfully before this court. Trial dates are set along with pretrial dates and before Magistrate Amber Damiani." (Aff. of Prior Actions at 1.) This description also fails to provide the case name as required by R.C. 2969.25(A)(2).

{¶ 22} In his response to ODRC's motion to dismiss, Wolfe states that "the ONLY case that is actually relevant is the case that has a disposition, which the Relator disclosed

the information in full to this court in case no. 23CV006078." (Wolfe's Dec. 23, 2024 Response at 2.) Wolfe states that "the other cases are still open, so it is impossible to completely disclose all the information for these cases, because the Relator doesn't even know the outcome." (Wolfe's Dec. 23, 2024 Response at 2.) Contrary to Wolfe's arguments, the requirements of R.C. 2969.25(A) are not limited to only those cases in which the court has rendered final judgment. Rather, the affidavit must contain "a description of each civil action or appeal of a civil action that the inmate has **filed** in the previous five years in any state or federal court." (Emphasis added.). R.C. 2969.25(A). Only R.C. 2969.25(A)(4) refers to the "**outcome** of the civil action or appeal." (Emphasis added.) Regardless, Wolfe did not provide all of the required information for any of the actions listed in his affidavit, including the only case he states is relevant.

{¶ 23} Because Wolfe has failed to fully comply with the inmate filing requirements in R.C. 2969.25(A), the complaint must be dismissed. *See State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-723, 2023-Ohio-3775, ¶ 10. Although Wolfe's mandamus action must be dismissed for failure to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 24} As Wolfe's complaint must be dismissed for failure to comply with R.C. 2969.25(A), Wolfe's October 22, 2024 motion for default judgment is rendered moot.[1] *See State ex rel. Ware v. Bur. of Sentence Computation Office*, 10th Dist. No. 19AP-841, 2020-Ohio-2695, ¶ 15.

## C. Conclusion

{¶ 25} Accordingly, it is the decision and recommendation of the magistrate that the ODRC's motion to dismiss should be granted and Wolfe's complaint dismissed. Wolfe's October 22, 2024 motion for default judgment is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

---

[1] Wolfe states in his December 23, 2024 response to ODRC's motion to dismiss that ODRC has "made no effort in fulfilling Relator's Public Records Request for 6 months, despite this Honorable Courts Summons filed on September 6, 2024." (Wolfe's Dec. 23, 2024 Response at 2.) The magistrate notes that the docket reflects that service of the complaint was made on November 9, 2024.

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.