[Cite as *State ex rel. Williams v. Ohio Adult Parole Auth.*, 2025-Ohio-1939.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willis Williams, | : | |
| Relator, | : | No. 24AP-471 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on May 29, 2025

---

**On brief:** *Willis Williams*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

---

IN MANDAMUS

JAMISON, P.J.

{¶ 1} Relator, Willis Williams, seeks a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to hold a new parole revocation hearing in compliance with relator's constitutional rights. Relator filed a motion for default judgment. Respondent filed a motion to dismiss. The magistrate recommended granting the respondent's motion to dismiss.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we grant respondent's motion and dismiss this action because the affidavit and its accompanying documentation is incomplete, and therefore does not satisfy R.C. 2969.25(A)(1). Although Williams' mandamus action must be dismissed for failure to comply with R.C. 2969.25, this "dismissal for failure to meet the requirements of R.C. 2969.25 is not a dismissal on the

merits." *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8, citing *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 5.

{¶ 3} The magistrate's decision informed the parties of their right to file objections to his recommendation under Civ.R. 53(D)(3)(b). Relator filed no objection. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g., State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223 (10th Dist.) (adopting the magistrate's decision where no objections filed). As the magistrate notes, dismissal of an action for failing to comply with the procedural requirements of R.C. 2969.25 is a dismissal without prejudice.

{¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, we adopt it in its entirety, grant the motion to dismiss, motion for default judgment is moot, and we dismiss this action.

*Motion to dismiss granted*;
*motion for default judgment moot*;
*action dismissed.*

MENTEL and EDELSTEIN, JJ., concur.

_____

# APPENDIX
## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willis Williams, | : | |
| Relator, | : | |
| v. | : | No.  24AP-471 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on November 12, 2024

---

*Willis Williams*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondent.

---

#### IN MANDAMUS
#### ON MOTIONS

{¶ 5}   Relator Willis Williams seeks a writ of mandamus ordering respondent Ohio Adult Parole Authority ("APA") to hold a new parole revocation hearing in compliance with Williams's constitutional rights. Williams has filed a motion for default judgment. The APA has filed a motion to dismiss. For the following reasons, the magistrate recommends granting the APA's motion to dismiss.

## I. Findings of Fact

{¶ 6}   1. At the time of the filing of this action, Williams was an inmate incarcerated at the Marion Correctional Institution in Marion, Ohio.

{¶ 7}    2. The APA is a bureau-level administrative section of the Division of Parole and Community Services, which in turn is a division of the Ohio Department of Rehabilitation and Correction ("ODRC"). *See* R.C. 5149.02.

{¶ 8}    3. The APA is a government entity for purposes of R.C. 2969.21 et seq.

{¶ 9}    4. Williams commenced this original action by filing his complaint for writ of mandamus on August 1, 2024. Attached to Williams's complaint were, among other documents, an affidavit of prior civil actions, an affidavit of verity, and another affidavit signed by Williams.

{¶ 10} 5. In the complaint, Williams alleged the APA violated his constitutional rights by failing to provide certain procedural protections during Williams's parole revocation process. Williams argued that the APA violated the guarantees of due process contained in the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution by: "(1) denying relator the right to present mitigating evidence, (2) and by denying access to his court appointed legal counsel, (3) forcing the relator to have a hearing with an attorney who knew absolutely nothing about the case." (Compl. at 11.) Williams sought the issuance of a writ of mandamus directing the APA to "hold a new revocation hearing whereas the relator's constitutional rights are respected" or to "show cause why it has not done so." (Compl. at 12.) In addition to any other legal or equitable relief to which he may be entitled, Williams also requested fees, expenses, and court costs.

{¶ 11} 6. On September 27, 2024, Williams filed a "notice of application to the court for default judgment."

{¶ 12} 7. On October 11, 2024, Williams filed a motion for default judgment under Civ.R. 55(A).

{¶ 13} 8. On October 22, 2024, the APA filed a motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 14} In its motion to dismiss, the APA argues that Williams's complaint must be dismissed for lack of compliance with R.C. 2969.25.

## A. Inmate Filing Requirements

{¶ 15} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 3 (stating that the "provisions in R.C. 2969.21 through 2969.27 were enacted * * * effective October 17, 1996, and appear to be Ohio's version of the Federal Prison Litigation Reform Act"). These procedural requirements include an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C).

{¶ 16} With regard to the affidavit of prior civil actions, R.C. 2969.25(A) provides that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with this statute, the filed affidavit must include *all* of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under [R.C. 2323.51], another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A).

{¶ 17} Definitions pertaining to R.C. 2969.25 are contained in R.C. 2969.21. R.C. 2969.21(B)(1) defines a "civil action or appeal against a government entity or employee" as including any of the following:

> (a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;
>
> (b) An appeal of the judgment or order in a civil action of the type described in [R.C. 2969.21(B)(1)(a)] that an inmate files in a court of appeals.

However, the term "civil action or appeal against a governmental entity or employee" does not include "any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court." R.C. 2969.21(B)(2). Importantly, inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the previous five years need not file the affidavit of prior civil actions required by R.C. 2969.25(A). *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3.

{¶ 18} Compliance with the inmate filing requirements in R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 13. R.C. 2969.25 "requires strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Substantial compliance is not sufficient. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint or petition be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25, including amending the complaint" were "expressly foreclosed") (Emphasis in original.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 ("A belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance."). Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing an original action for failure to comply with the inmate filing requirements in R.C. 2969.25. *See State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8-9. *See also Bey*, 2022-Ohio-236, at ¶ 19.

## B. Inmate Filing Requirements Are Not Met

{¶ 19} From review of Williams's complaint and its attachments, the complaint must be dismissed for failure to fully comply with the inmate filing requirements in R.C. 2969.25. As the APA points out, several of the actions listed in Williams's affidavit of prior civil actions do not sufficiently provide a brief description of the *nature* of the civil action or appeal as required under R.C. 2969.25(A)(1). For example, Williams provides "writ of mandamus" as the only description of a civil action filed within the previous five years. (Compl. at 20.) Williams describes another case as an "appeal" from a decision granting summary judgment. (Compl. at 16.) Williams also provides "declaratory judgment" as the only description of two actions. (Compl. at 18-19.) Though these descriptions provide information about the *type* of action or appeal, they fail to sufficiently describe the *nature* of the action or appeal as required by R.C. 2969.25(A)(1). *See State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-723, 2023-Ohio-3775, ¶ 8 (finding affidavit to be deficient under R.C. 2969.25(A) because the relator "identifies the type of action as an 'original action in mandamus' but fails to describe the nature of the action"); *State ex rel. Bey v. Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 11 (finding affidavit deficient because it indicated "the general *type* of action filed in most of the cases, e.g., 'Original Action in Mandamus'; 'Writ of Habeas Corpus,' " but did not "actually describe the *nature* of the action, such as 'Original Action in Mandamus to Compel Compliance with a Public Records Request' " (Emphasis in original)); *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808, ¶ 2 (finding affidavit failed to comply with R.C. 2969.25(A)(1) because the only description of one case was "an appeal of a 'civil petition' ").

{¶ 20} Because Williams has failed to fully comply with the inmate filing requirement in R.C. 2969.25(A)(1), the complaint must be dismissed. *Ware*, 2023-Ohio-3775, at ¶ 10. Although Williams's mandamus action must be dismissed for failure to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 21} Finally, because Williams's complaint must be dismissed for failure to comply with R.C. 2969.25(A), Williams's October 11, 2024 motion for default judgment is rendered moot. *See State ex rel. Ware v. Bur. of Sentence Computation Office*, 10th Dist. No. 19AP-841, 2020-Ohio-2695, ¶ 15.

## C. Conclusion

{¶ 22} Accordingly, it is the decision and recommendation of the magistrate that the APA's motion to dismiss should be granted and Williams's complaint dismissed. Williams's October 11, 2024 motion for default judgment is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.