[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Copley*, Slip Opinion No. 2026-Ohio-1270.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1270

THE STATE EX REL. BATES, APPELLANT, *v.* COPLEY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Copley*, Slip Opinion No. 2026-Ohio-1270.]

*Mandamus—Inmate failed to strictly comply with R.C. 2969.25(A) by failing to list the name of each party to each civil action he had identified in his affidavit of prior civil actions—Court of appeals' dismissal affirmed.*

(No. 2025-1267—Submitted January 6, 2026—Decided April 10, 2026.)

APPEAL from the Court of Appeals for Lucas County, No. L2025-00197.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Robert Bates, filed a complaint in the Sixth District Court of Appeals against appellee, R. Copley, an employee of the Toledo Correctional Institution, where Bates is incarcerated.  Bates asked for a writ of mandamus

compelling Copley to provide certain officers' names, citing R.C. 149.43, Ohio's Public Records Act. Concluding that Bates had failed to comply with the procedural requirements of R.C. 2969.25(A) when filing his complaint, the Sixth District sua sponte dismissed it. We affirm.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} In his complaint, Bates alleged that on June 19, 2025, he submitted two kites to the prison's business office, requesting the names of two officers, whom he identified by last name only.[1] Copley, the prison's "business office supervisor," denied both requests six days later. Bates alleged that as of August 20, when he filed his complaint, he still had not received the requested names.

{¶ 3} In the complaint he filed in the Sixth District, Bates asked for a writ of mandamus ordering Copley to provide the officers' names and for awards of statutory damages and court costs. Along with his complaint, Bates filed an affidavit of prior civil filings under R.C. 2969.25. In his affidavit, Bates identified 16 civil cases he filed against governmental entities or employees in the five years preceding his complaint. However, as to several of the civil cases he identified, Bates listed only a subset of the defendants involved. For example, Bates attested that he filed a civil-rights action against "30 defendants in their individual capacities" in federal court in 2022, but his affidavit listed only two defendants by name. On September 2, the Sixth District sua sponte dismissed Bates's complaint, holding that he had failed to comply with the procedural requirements of R.C. 2969.25(A).

{¶ 4} Bates now appeals as of right to this court. Bates filed his merit brief on November 4, 2025. Copley did not file a response brief. After the deadline for

---

1. "A kite is a written communication between an inmate and a prison official." *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, 2024-Ohio-5154, ¶ 15. We note that Bates's kites asking for the names of certain officers do not constitute valid public-records requests but, rather, requests for information. *See State ex rel. Ware v. Akron Police Dept.*, 2025-Ohio-1198, ¶ 14.

Copley's brief had passed, Bates filed a motion seeking a "reversal of judgment" under S.Ct.Prac.R. 16.07(B) (stating that the Supreme Court *may* accept an appellant's statements of fact and issues as true if the appellee fails to file a brief).

## ANALYSIS

{¶ 5} R.C. 2969.25(A) applies to civil actions and appeals filed by an inmate against a government entity or employee and requires the inmates to file, along with the complaint, "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must identify, among other things, "[t]he name of each party" to each civil action. R.C. 2969.25(A)(3).

{¶ 6} R.C. 2969.25 is mandatory and requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. An affidavit that fails to include each party to each prior civil action as required by R.C. 2969.25(A)(3) is therefore fatally deficient. *See, e.g.*, *State ex rel. Parker Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 14 (dismissal required when affidavit had "failed to identify the opposing party in four of the five listed cases" and "failed to list the outcomes for any of the cases"); *State ex rel. Parker v. Ohio Adult Parole Auth.*, 2023-Ohio-2558, ¶ 13 (10th Dist.) ("Merely listing some parties (e.g., those mentioned in the case caption) does not constitute strict compliance with [R.C. 2969.25(A)(3)]."). A court may sua sponte dismiss an action for noncompliance with R.C. 2969.25(A). *See Parker Bey* at ¶ 19.

{¶ 7} Bates does not dispute that R.C. 2969.25 applies to his mandamus action. And, as the Sixth District correctly observed, Bates failed to strictly comply with that statute by failing to list "'the name of each party' " to each civil action he had identified. (Emphasis deleted in *Bates*.) Lucas App. No. CL2025-00197, 2025 Ohio App. LEXIS 2993, at *2 (6th Dist. Sept. 2, 2025), quoting *Parker* at ¶ 13. Specifically, Bates failed to list the names of all defendants in three civil actions he had filed in the United States District Court for the Southern District of Ohio. Bates

attests that the first action was filed against 30 individual defendants, but his affidavit names only two. Similarly, the second and third actions were filed against eight defendants and six defendants, respectively, but his affidavit names only six defendants and one defendant, respectively. Thus, the Sixth District did not err in concluding that Bates failed to strictly comply with R.C. 2969.25 or in sua sponte dismissing his complaint for that reason. *See Parker Bey* at ¶ 19.

{¶ 8} In his merit brief, Bates asserts two propositions of law. His first proposition is the only one that raises a question properly before this court—that is, whether the Sixth District erred in dismissing his complaint. As explained above, it did not. In arguing to the contrary, Bates appears to misunderstand the basis of the Sixth District's decision. While Bates seems to believe that the Sixth District held that he had failed to list all pertinent civil actions, it in fact dismissed his complaint for failing to list each party to each civil action. *See* 2025 Ohio App. Lexis 2993 at *2-3.

{¶ 9} Bates's remaining proposition of law argues the merits of his claim for a writ of mandamus and his entitlement to statutory damages. However, the Sixth District did not adjudicate the merits of Bates's claim, and so those issues are not properly before this court. *See State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8 ("[A] dismissal for failure to meet the requirements of R.C. 2969.25 is not a dismissal on the merits.").

{¶ 10} Finally, after Copley declined to file a merit brief, Bates filed a motion for reversal of the judgment under S.Ct.Prac.R. 16.07(B). That rule provides that if an appellee fails to timely file a merit brief, the court "may accept the appellant's statement of facts and issues as correct and reverse the judgment"— but only "if the appellant's brief reasonably appears to sustain reversal." *See also State ex rel. Hunter v. Binette*, 2018-Ohio-2681, ¶ 10 ("Hunter is not automatically entitled to judgment in his favor; he must demonstrate that he is reasonably entitled to reversal.").

{¶ 11} For the reasons explained above, Bates's brief does not "reasonably appear[] to sustain reversal," S.Ct.Prac.R. 16.07(B). Bates's affidavit of prior civil actions failed to strictly comply with the requirements of R.C. 2969.25, and the Sixth District did not err in sua sponte dismissing his complaint on that basis. *See Parker Bey*, 2022-Ohio-236, at ¶ 19. We therefore deny Bates's motion.

## CONCLUSION

{¶ 12} For these reasons, we affirm the judgment of the Sixth District Court of Appeals dismissing Bates's complaint for a writ of mandamus and deny Bates's motion for reversal of the judgment.

Judgment affirmed.

_____

Robert Bates, pro se.

_____